PEARL M. KENNEDY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kennedy v. Commissioner
Docket No. 33349-83.
United States Tax Court
T.C. Memo 1986-3; 1986 Tax Ct. Memo LEXIS 607; 51 T.C.M. (CCH) 232; T.C.M. (RIA) 86003; January 2, 1986. Franklin M. Hartzell and Thomas W. O'Neal, for the petitioner. Matthew J. Fritz, for the respondent. WILLIAMS
MEMORANDUM OPINION WILLIAMS, Judge*: The Commissioner determined a deficiency of $10,528 in gift tax for petitioner's calendar quarter ended June 30, 1979. The sole issue presented to the Court for decision is whether petitioner's disclaimer of an undivided one-half interest in property that she *608 had held with her husband jointly with the right of survivorship was a transfer subject to the Federal gift tax. All the facts have been stipulated and are so found. Petitioner, Pearl M. Kennedy, resided at Hamilton, Illinois at the time her petition was filed in this case. No gift tax return was filed reporting Mrs. Kennedy's disclaimer. On June 29, 1953, petitioner and her late husband Frank Kennedy acquired 160 acres of farmland as joint tenants with the right of survivorship. Frank furnished all of the consideration for the purchase of the property. The creation of the joint tenancy was never reported as a taxable gift. Frank died testate on September 27, 1978. The value of the 160 acres was included in Frank's estate and reported on his estate's Federal estate tax return. On June 21, 1979, petitioner disclaimed an undivided one-half interest in the property. Also on June 21, 1979, petitioner's daughter Marsha M. Froman, who under Illinois law received the disclaimed interest pursuant to the terms of Frank's will, executed a receipt for the interest identified and *609 described in the instrument of disclaimer executed by petitioner. The disclaimer was effective under Illinois law to vest in petitioner's daughter the disclaimed interest. The parties agree that the value of petitioner's disclaimed interest in the property on June 21, 1979, was $183,400. The central issue in this case is which event--the creation of the joint tenancy in 1953 or the death of petitioner's husband Frank in 1978--began the period for testing whether the petitioner's disclaimer was timely. If the disclaimer was timely, then no transfer occurred for Federal gift tax purposes. If petitioner did not timely disclaim the interest, then the disclaimer effected a transfer subject to the Federal gift tax. Petitioner contends that since she received new and valuable property rights upon her husband's death, specifically a fee interest in the entire property, it was his death that commenced the period within which her disclaimer could be made without gift tax consequences. Indisputably, petitioner acquired sole ownership of the property upon her husband's death. Until the death of one joint owner, neither joint owner with a right of survivorship has, by himself, the full *610 enjoyment of the fee interest. In re Estate of Alpert,95 Ill. 2d 377, 447 N.E. 2d 796 (1983). Indeed, a distinguishing feature of the tenancy held by petitioner and her husband is that sole ownership of the fee is contingent upon the survival of one of the joint tenants, and the Illinois disclaimer law recognizes the survivorship interest as a separate property interest that may be disclaimed after the death of a joint tenant. Ill. Rev. Stat. ch. 30, sec. 211 (1977). This feature is a contingency that is not, however, materially different than the contingency faced by the disclaiming taxpayer in Jewett v. Commissioner,455 U.S. 305 (1982). In Jewett, the taxpayer held a contingent remainder interest in a testamentary trust created in 1939. In 1972, prior to elimination of the contingency (i.e. prior to the death of the last surviving life tenant), the taxpayer disclaimed his interest in the trust property. The Supreme Court held that the disclaimer was untimely. To avoid gift tax consequences, the Supreme Court held that the disclaimer should have been made within a reasonable time after the 1939 creation of the trust or, at most, after *611 the taxpayer had attained his majority. Petitioner's acquisition of additional, valuable property rights in the 160 acres upon the death of her husband was not the transfer that created her interest in the property. The additional property rights acquired upon her husband's death were fixed under Illinois law by reference to her status as a joint tenant with the right of survivorship -- a status that she enjoyed continuously after June 29, 1953. From the creation of the joint tenancy, petitioner had an undivided interest in the entire property. Duncan v. Suhy,378 Ill. 104, 37 N.E. 2d 826 (1941). Therefore, the "transfer" that began the period for testing the timeliness of the disclaimer of the undivided one-half interest in the property was the creation of the joint tenancy. [1] To hold otherwise would, we believe, contradict the Supreme Court's holding in Jewett that it is not the vesting of an interest or the time the property is possessed that begins the period for testing timeliness, rather it is the creation of petitioner's interest in the property that is the benchmark. Since petitioner's disclaimer of an undivided one-half interest in the property occurred *612 many years after the creation of the joint tenancy that gave her an undivided interest in the whole of the property, her disclaimer was not executed within a reasonable time, sec. 25.2511-1(c), Gift Tax Regs., and effected a transfer of an interest in property subject to the Federal gift tax. Decision will be entered for the respondent.
Footnotes
*. By order of the Chief Judge, this case was reassigned to Judge Williams↩ for decision and opinion.
1. This determination forecloses petitioner's reliance on sec. 2518 of the Internal Revenue Code↩ as in effect on June 21, 1979, which is applicable to "transfers creating an interest in the person disclaiming made after December 31, 1976." Sec. 2009(e)(2), Pub. L. 94-455, 90 Stat. 1896.